IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50571
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES ROBERT COX,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A94-CR-67-6-JN
--------------------
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    James Robert Cox was convicted in 1996 of using a telephone
to facilitate distribution of methamphetamine.  He did not
appeal, and his motion to vacate, set aside, or correct sentence
under 28 U.S.C. § 2255 was dismissed as time-barred.  Cox filed a
"motion for clarification of sentence," seeking to have the
district court clarify whether his time served in state custody
would be credited against his federal sentence.  The district
court denied the motion, and Cox appeals.

    The district court did not err in denying the motion,
because it was without jurisdiction to grant credit for Cox's

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior state custody.  <u>See</u> <u>United States v. Dowling</u>, 962 F.2d 390, 393 (5th Cir. 1992).  Cox argues that he was seeking merely to have the court clarify whether his federal sentence was to run consecutively to the state sentence.  Under 18 U.S.C. § 3584, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  Moreover, the Bureau of Prisons notified Cox that it had confirmed that his federal sentence was to run consecutively to his state sentence, and the district court previously denied a motion by Cox raising this same issue.  Because Cox has received the "clarification" he purportedly seeks, his motion is moot.

AFFIRMED.